United States District Court
Southern District of Texas
**ENTERED**
October 21, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MUSLEH NOORIDDIN MOHAMED TAWFIK, | § § § |
| *Petitioner,* | § § |
| vs. | § § CIVIL ACTION NO. H-24-2823 |
| MERRICK GARLAND, U.S. Attorney General, *et al.,* | § § § |
| *Respondents.* | § § |

## MEMORANDUM OPINION AND ORDER

The petitioner, Musleh Nooriddin Mohamed Tawfik, is a detainee in the custody of United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") officials at the Montgomery Processing Center in Conroe, Texas. Through counsel, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention after entry of an order of removal. (Dkt. 1). The Court dismissed all the defendants except Randy Tate, as Warden of the Montgomery County Processing Center. (Dkt. 4). Tate responded to the petition with a motion for summary judgment, supported by several exhibits. (Dkt. 9). Tawfik filed a response. (Dkt. 10). Having reviewed the petition, the motion and response, all matters of record, and the law, the Court grants the respondent's motion for summary judgment, denies Tawfik's petition, and dismisses

this action for the reasons explained below.

## I.   BACKGROUND

Tawfik is a citizen of Yemen who entered the United States as a lawful permanent resident in 2006. (Dkt. 1, p 4). Between 2009 and 2022, Tawfik was convicted of at least ten criminal offenses in New York State, ranging from intent to obtain transportation without paying to assault with intent to cause physical injury and menacing by displaying a weapon. (*Id.* at 4-5). Upon Tawfik's completion of his New York sentences, ICE began removal proceedings against him. (*Id.* at 5). The immigration judge entered an order of removal on November 8, 2023. (*Id.*). Tawfik did not appeal that ruling, and it became final on December 8, 2023. (*Id.*).

In his habeas petition, Tawfik alleges that he has cooperated with ICE's efforts to effect his removal to Yemen. (*Id.*). He alleges that despite his cooperation, he has been detained for more than 220 days pending removal. (*Id.*). Tawfik alleges that because of Yemen's record of spotty compliance with repatriation efforts, his detention is likely to continue indefinitely, and he contends that such indefinite detention violates the Fifth Amendment to the United States Constitution. (*Id.* at 7-8). He seeks his immediate release from detention, either on his own recognizance or under an Order of Supervision. (*Id.* at 8). He also seeks an award of attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. (*Id.*).

Tate responded to Tawfik's petition with a motion for summary judgment,

supported by the affidavit of Deportation Officer Kevin Alexis and portions of Tawfik's ICE file. (Dkts. 9, 9-2). In his affidavit, Alexis states that Yemen issued travel documents for Tawfik in March 2024; however, Tawfik's removal could not be completed at that point because his passport had expired. (Dkts. 9, p. 2; 9-2, p. 5). Yemen issued a second set of travel documents for Tawfik in August 2024, and ICE is currently in the process of scheduling Tawfik's removal to Yemen. (*Id.*). Tate alleges that these facts are sufficient to rebut any belief that Tawfik's detention will continue indefinitely, and they demonstrate a significant likelihood that Tawfik will be removed in the reasonably foreseeable future. (*Id.*).

In addition to Alexis's affidavit, Tate attached portions of Tawfik's ICE file, including a "Decision to Continue Detention" notice to Tawfik from the Office of Enforcement and Removal Operations ("ERO") dated July 24, 2024. (Dkt. 9-1, pp. 12-17). That notice advises Tawfik that the ERO reviewed his case under 8 C.F.R. § 241.4(i) and determined that he was not entitled to release from detention pending removal because he poses a danger to the community and the public and because he is a significant flight risk. (*Id.*).

In his response to Tate's motion, Tawfik contends that ICE's failure to schedule his removal under the first travel documents issued by Yemen provides good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. (Dkt. 10, p. 4).

## II.   LEGAL STANDARDS

### A.   Petitions for a Writ of Habeas Corpus

Tawfik seeks release through a petition for writ of habeas corpus under 28 U.S.C. § 2241.  To be entitled to a federal writ of habeas corpus, the petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]"   28 U.S.C. § 2241(c)(3).   The petitioner has the burden to demonstrate that a constitutional violation has occurred.  *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) ("[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." (quoting *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (per curiam))).  Absent a constitutional violation, the writ will not issue.

### B.   Motions for Summary Judgment

In response to Tawfik's petition, Tate moved for entry of summary judgment. "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).  Under Rule 56, the moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A fact is "material" if its resolution in favor of one

party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* The moving party is "entitled to judgment as a matter of law" when the nonmoving party has failed to make a sufficient showing on an essential element of the case on which he or she had the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## III.   DISCUSSION

In his petition, Tawfik alleges that he is being unlawfully detained because no significant likelihood exists that he will be removed to Yemen in the reasonably foreseeable future. He alleges that his continued detention violates his constitutional right to due process and that he is therefore entitled to immediate release.

Immigration and removal proceedings are subject to a detailed statutory scheme. Relevant here, once an immigration judge issues a removal order and that order becomes "final," the Attorney General has ninety days to effect the detainee's departure from the United States. *See* 8 U.S.C. § 1231(a)(1)(A); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). During this 90-day removal period, the detainee must remain detained. 8 U.S.C. § 1231(a)(2). If the detainee is not removed within that 90-day period, he may then become eligible for supervised release until removal can be accomplished. *Id.* at § 1231(a)(3).

Although this statute appears to give the Attorney General the unfettered discretion to continue detention indefinitely, that discretion is limited by the Fifth Amendment's Due Process clause. *See Zadvydas v. Davis,* 533 U.S. 678, 690-92 (2001). In *Zadvydas*, the Supreme Court held that due process does not permit the government to detain a detainee indefinitely after the 90-day removal period has expired. *Id.* at 701. Instead, detention is limited to the period reasonably necessary to bring about the removal. *Id.* The Supreme Court stated that six months is a presumptively reasonable period to effect a removal, and after the expiration of six months, a detainee may seek release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* Thus, to prevail under *Zadvydas*, the detainee must establish both that he has been detained beyond the six-month period and that there are good reasons to believe that his or her removal is not significantly likely in the reasonably foreseeable future. *Id.* If the detainee meets this burden, the burden then shifts to the government to "furnish evidence sufficient to rebut that showing." *Id.* If the government does not meet its burden, the detainee must be released subject to ICE supervision. Even detainees who pose a flight risk or a danger to the community may not be detained indefinitely if their removal is not substantially likely to occur in the reasonably foreseeable future. *See Tran v. Mukasey*, 515 F.3d 478, 483-84 (5th Cir. 2008) (citing *Tuan Thai v. Ashcroft*, 366 F.3d 790 (9th Cir. 2004)).

The parties in this case do not dispute that Tawfik has been detained beyond the six-month presumptively constitutional period. But to carry his initial burden under *Zadvydas*, Tawfik must also "demonstrate that 'the circumstances of his status,' or the existence of 'particular individual barriers to his repatriation' to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future." *Idowu v. Ridge*, No. 3:03-CV-1293-R, 2003 WL 21805198, at *4 (N.D. Tex. Aug. 4, 2003) (quoting *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)). Speculation and conjecture are not sufficient to carry this burden, nor is a "lack of visible progress" in his removal sufficient, in and of itself, to show that no significant likelihood of removal exists in the reasonably foreseeable future. *Id.* (cleaned up).

In his petition, Tawfik alleges that Yemen had not issued travel documents for him. (Dkt. 1, p. 7). He alleges that Yemen is on an ICE list of countries that are "at risk of noncompliance" based on their record of cooperation with ICE between July 2015 and May 2018. (*Id.*). He also alleges that ICE records show that removals to Yemen in 2023 were lower than in July 2015. (*Id.*). Based on these facts alone, Tawfik alleges that his removal is not substantially likely to occur in the reasonably foreseeable future. (*Id.*).

But Tawfik alleges no facts showing that the there are any particular individual barriers that would preclude his repatriation Yemen. Unlike the petitioner

in *Zadvydas*, Tawfik does not allege that Yemen has refused to accept him back, nor does he identify any specifics about his circumstances that would make his return to Yemen unforeseeable. Further, unlike the petitioner in *Kane v. Mukasey*, No. B-08-037, 2008 WL 11393137 (S.D. Tex. Aug. 21, 2008), who could not be repatriated to Mali because Mali had a policy of not accepting removals from the United States,[1] Tawfik has offered no evidence that Yemen does not accept such removals. Instead, he relies solely on a "lack of visible progress" toward removal. Such allegations are not sufficient to carry Tawfik's burden to show that his removal is not substantially likely to occur in the reasonably foreseeable future. *Compare Gonzalez v. Bureau of Immigr. & Customs Enf't*, No. 1:03-cv-178-C, 2004 WL 839654 (N.D. Tex. Apr. 20, 2004) (conclusory allegations that the government was not diligently attempting to effect the petitioner's removal were insufficient to meet his burden of proof); *and Apau v. Ashcroft*, No. 3:02-cv-2652-D, 2003 WL 21801154 (N.D. Tex. June 17, 2003) (the "bare fact" that Ghana had not yet issued travel documents was not sufficient to carry the petitioner's burden under *Zadvydas*); *with Rajigah v. Conway*, 268 F. Supp. 2d 159, 166 (E.D.N.Y. 2003) (holding that a letter from the Guyanese Ambassador stating that travel documents would not be issued because of pending

---

[1]Notably, the petitioner was removed to Mali shortly after the report and recommendations were entered, rendering further proceedings on his petition moot. *See Kane v. Mukasey*, No. B-08-037, 2008 WL 11393094 (S.D. Tex. Sept. 12, 2008), *report and recommendation adopted*, 2008 WL 11393148 (S.D. Tex. Oct. 7, 2008).

judicial proceedings was sufficient to satisfy the petitioner's burden to show that there was no significant likelihood of his removal in the reasonably foreseeable future). Tawfik has therefore failed to carry his initial burden under *Zadvydas*.

Moreover, even assuming that Tawfik had carried his initial burden, the documents submitted by Tate are sufficient to carry the government's burden to rebut that showing. Tate submitted documents showing that ICE has been actively working on securing Tawfik's removal since the removal order became final. ICE secured travel documents for Tawfik from Yemen in March 2024, but Tawfik's passport expired before he could be removed. ICE then secured new travel documents to effectuate Tawfik's removal to Yemen in August 2024. This evidence is more than sufficient to rebut the allegation that there is no significant likelihood of Tawfik's removal in the reasonably foreseeable future. *See Ramirez v. Searls*, No. 20-CV-6018 (CJS), 2020 WL 2748203, at *3 (W.D.N.Y. May 27, 2020) (finding that the government rebutted the "good reason" under *Zadvydas* when it obtained travel documents in March and indicated that it planned to remove the petitioner to Venezuela in June 2020); *Francis S.M. v. Decker*, No. 19-8053(MCA), 2020 WL 1956053, at *4 (D.N.J. Apr. 23, 2020) (denying habeas relief under *Zadvydas* despite flight restrictions to India given ICE's stated intent to schedule the petitioner for earliest available flight to India); *see also Al Sareai v. Barr*, No. 1:19-cv-455-P, 2019 WL 5446373 (W.D. La. Sept. 10, 2019) (petitioner was successfully removed to

Yemen despite its on-going civil war); *Thabet v. Adducci*, No. 4:18-cv-611, 2018 WL 4271044 (N.D. Ohio July 23, 2018) (petitioner was successfully removed to Yemen once Yemen issued travel documents).

Tawfik's response does not allege any facts or include any evidence demonstrating that ICE is incapable of effecting his removal to Yemen in the near future now that travel documents have been issued. He also does not allege any facts or provide any evidence supporting his allegation that his detention will be of an indefinite duration. Further, his allegations concerning Yemen's lack of cooperation with the United States concerning removals is contradicted by the issuance of travel documents and is based on nothing but speculation.

The Court is mindful that "as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. The Court also recognizes that Tawfik has been detained post-removal for almost eleven months at this point. But the record shows that the government is making reasonably substantial efforts to repatriate him and Yemen is cooperating with those efforts. The record does not show that it is unreasonable to believe that Tawfik is substantially likely be removed in the reasonably foreseeable future.

Because Tawfik has failed to make a sufficient showing on an essential element of the case on which he has the burden of proof, Tate is entitled to entry of

summary judgment in his favor as a matter of law.  Tawfik is not entitled to habeas relief on his *Zadvydas* claim, and his petition will be dismissed.

## IV.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent Randy Tate's motion for summary judgment, (Dkt. 9), is **GRANTED**.

2. Tawfik's petition for a writ of habeas corpus, (Dkt. 1), is **DISMISSED without prejudice** to refiling should Tawfik's detention become unlawful.

3. Tawfik's request for an award of costs and attorney's fees under 28 U.S.C. § 2412 is **DENIED**.

4. Final judgment will be separately entered.

5. A certificate of appealability will not be issued.  *See Pack v. Yusuff*, 218 F.3d 448, 451 n.3 (5th Cir. 2000).

**The Clerk of Court will provide a copy of this Order to the parties.**

SIGNED at Houston, Texas on _____*Oct 21*_____, 2024.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE